MORGAN, LEWIS & BOCKIUS LLP
Lisa Weddle, Bar No. 259050
lisa.weddle@morganlewis.com
Brian Hom, Bar No. 240055
brian.hom@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, State Bar No. 149206
molly.lane@morganlewis.com
Garrick Y. Chan, Bar No. 315739
garrick.chan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant,
BMW OF NORTH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FREDERICK J. JUROSKY,

Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,

Defendant.

Case No. 3:19-cv-00706-JM-BGS

Judges: District Judge Jeffrey T. Miller and Magistrate Judge Bernard G. Skomal

**DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES**

*[Filed concurrently with Declaration of Garrick Y. Chan; Request for Judicial Notice; Objection to Request for Judicial Notice; Objection to the Declaration of Jacob Cutler; Objection to the Declaration of Michael H. Rosenstein; Objection to the Declaration of Dara Tabesh; and Objection to the Declaration of Payam Shahian]*

**Date:** **June 8, 2020**
**Time:** **10:00 a.m.**
**Dept.:** **5D**

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:19-cv-00706-JM-BGS
DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

DB2/ 38996771.1

**Table of Contents**

I. INTRODUCTION .......... 1
II. STATEMENT OF FACTS .......... 2
A. The Subject Vehicle .......... 2
B. Plaintiff's Lawsuit Against BMW NA is Similar to Other Lawsuits Filed by SLP .......... 3
C. SLP Associates in Two Different Law Firms Nonetheless .......... 4
III. LEGAL STANDARD .......... 4
IV. ARGUMENT .......... 4
A. Plaintiff's Attorneys' Fees are Unreasonable, Excessive and Must be Reduced .......... 4
1. The Attorneys' Hourly Rates Should be Reduced .......... 7
2. Plaintiff's Counsel Engaged in Improper Block Billing .......... 7
3. The Fees for Rosenstein Should be Eliminated .......... 8
4. The Fees for EcoTech Should be Eliminated .......... 8
B. This Court Should Take Into Account The 2018 Real Rate Report To Determine The Reasonable Hourly Rates For Plaintiff's Counsel .......... 9
C. No Multiplier is Warranted .......... 10
D. Plaintiff's Request for Costs Should Be Denied .......... 11
V. CONCLUSION .......... 11

i Case No. 3:19-cv-00706-JM-BGS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

DB2/ 38996771.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell v. Vista Unified School Dist.*,
82 Cal.App.4th 672 (2001) ..... 7

*Goglin v BMW of North America, LLC*,
4 Cal.App.5th 462, 470 (2016) ..... 5

*Graham v. DaimlerChrysler Corp.*,
34 Cal.4th 553 (2004) ..... 10

*Hernandez v. FCA US LLC*,
No. CV 17-5452 (C.D. Cal. Jan. 4, 2019) 2019 WL 2932637 ..... 9, 10

*Holmes v. Harris*
(C.D. Cal. Oct. 4, 2019) No. CV 18-3739, 2019 WL 6354385 ..... 9

*Ketchum v. Moses*,
24 Cal.4th 1122 (2001) ..... 10

*Levy v. Toyota Motor Sales, USA*,
4 Cal.App.4th 807 (1992) ..... 5

*Mikhaeilpoor v. BMW NA*,
Superior Court of Los Angeles, Case Number BC611197 ..... 6

*Morris v. Hyundai Motor America*,
253 Cal.Rptr.3d 592 (2019) ..... 1, 4, 5, 7

*Welch v. Metropolitan Life Insurance Company*,
480 F.3d 942 (9th Cir. 2007) ..... 7

**Statutes**

Civ. Code, § 1790 *et seq.* ..... 4

**Other Authorities**

Wolters Kluwer "2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices" ..... 2

ii Case No. 3:19-cv-00706-JM-BGS

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 38996771.1

Defendant BMW of North America, LLC ("BMW NA") submits the following Opposition to Plaintiff Frederick J. Jurosky's ("Plaintiff") Motion for Attorney Fees, Costs and Expenses ("Motion").

## I. INTRODUCTION

Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses seeks exorbitant and unreasonable fees that must be reduced. In connection with his simple, single plaintiff lemon law case, ***Plaintiff submits completely unreasonable time entries from 16 attorneys and 3 different law firms, seeking an astonishing $198,716.38[1] in fees***. This was not a class action matter, and this case settled five months before trial with no depositions and only minimal discovery. The California Court of Appeal recently upheld a trial court's order in another lemon law case that cut the fees billed by five of the 11 attorneys that worked on the matter and denied a request for a 1.5x lodestar multiplier. *Morris v. Hyundai Motor America*, 253 Cal.Rptr.3d 592 (2019). In so doing, the trial court, Hon. Howard Halm presiding, noted: "[T]his is not Apple versus Samsung Case. This is a case that you handle on a daily basis. This is the kind of case that your firm handles…There's got to be a cutoff to what reasonableness means." *Id.* at 599. The appellate court affirmed the reduction of fees because "it is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, non-complex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted." *Id*. at 603.

Here, like *Morris*, the Court should reduce the fees billed by the two law firms other than Plaintiff's primary counsel that were unnecessarily associated in as counsel. Plaintiff's primary counsel, Strategic Legal Practices ("SLP"), are purported "Lemon Law Experts" with 20 attorneys listed on its website. Declaration of Garrick Y. Chan ("Chan Decl."), ¶3, Exh. A. SLP's founder has

---

[1] SLP filed a separate Application for Bill of Costs. SLP is seeking double recovery by requesting $7,914.20 in costs and expenses in the instant motion.

practiced in the area of Lemon Law for over 16 years and has "litigated hundreds of automotive defect cases involving California's consumer protection statutes." Declaration of Payam Shahian, ¶¶3-4. Moreover, this case ***is one of at least 24 other cases SLP has filed against BMW NA asserting similar allegations.*** Chan Decl., ¶2. Plaintiff's request for fees from the Law Offices of Michael Rosenstein ("Rosenstein") ($5,390.00) and the law firm EcoTech Law Group ($24,797.50) are, therefore, entirely unreasonable and must be rejected, along with his request for a 1.35x multiplier.

The fees that SLP seeks are also excessive and unreasonable for the following reasons. First, for example, SLP billed a total of 27.2 hours at rates varying from $365 to $525 per hour in connection with preparing discovery requests and motions that are nearly identical to discovery requests and motions that SLP propounded or filed in other matters against BMW NA. See Exhibit A Opposition to SLP's Billing Statement and Chan Decl., ¶¶5-8, Exhs. C-F. Second, Plaintiff's counsel's claimed hourly rates are excessive, especially when compared to: (1) the hourly rates set forth in the Wolters Kluwer "2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices" ("2018 Real Rate Report"[2]) and (2) defense counsel's rates in California lemon law cases.

For these reasons, and as further detailed below, SLP's fees should be reduced by an additional 140.1 hours (inclusive of rejecting the 1.35x multiplier) and fees should be awarded in an amount no greater than $49,598.57 or another reasonable amount determined by this Court.

## II. STATEMENT OF FACTS

### A. The Subject Vehicle

On March 5, 2013, Plaintiff purchased a used 2010 BMW 750LI, VIN WBAKB8C52ACY63565 ("Subject Vehicle") for $61,298.40. The Subject

[2] The 2018 Real Rate Report is the most recent edition.

Vehicle was accompanied by a 4-year or 50,000-mile warranty, along with a Certified Pre-Owned vehicle warranty.

### B. Plaintiff's Lawsuit Against BMW NA is Similar to Other Lawsuits Filed by SLP

Plaintiff filed a complaint on July 17, 2018, in Sacramento Superior Court. However, on October 10, 2018, after Defendant's Motion for Change of Venue, the case was transferred to San Diego Superior Court. Defendants then removed the case to this Court on April 17, 2019. The complaint alleged that BMW vehicles equipped with the N63 engines are defective. The complaint alleged violations of the Song-Beverly Act, breach of express and implied warranties and fraud. Chan Decl., ¶4, Exh. B.

SLP has filed at least 24 other complaints asserting similar allegations involving BMW vehicles that are equipped with the N63 engine. Chan Decl., ¶2 and Request for Judicial Notice ,¶1, Exh. A. In all of these cases, Plaintiff's counsel asserted nearly identical allegations, propounded similar discovery and set forth the same legal theories regarding the N63 engine. Chan Decl., ¶¶5-8, Exhs. C-F. Contrary to their assertions, there was nothing unique or novel about the litigation strategies implemented here. Nor were any of the motions that BMW NA filed frivolous as Plaintiff suggests. There was nothing unique about Plaintiff's claims or BMW NA's arguments that required 16 attorneys and three law firms to work on this matter. In fact, SLP attorneys previously attested in court papers that "the only motions typically filed in these cases are challenges to the pleadings, occasional discovery motions; and occasional motions for summary judgment. None of these motions involve unique or novel issues, and they are no more time-consuming than are similar motions routinely filed in cases of every type across this State." Request for Judicial Notice, ¶2, Exh. B.

///

///

### C. SLP Associates in Two Different Law Firms Nonetheless

Even though SLP attorneys hold themselves out to be Lemon Law experts and have filed at least 24 similar complaints against BMW NA involving the N63 engine, Plaintiff associated in two other law firms to concurrently represent him in this lawsuit. This was entirely unreasonable. As Judge Howard Halm aptly noted:

> Just because attorneys' fees are provided for under the Song Beverly Act doesn't give any counsel carte blanche to put unlimited people on the case doing different things, because every time that somebody new to the file picks the file up in order to do whatever the task is, there's a certain amount of built-in startup [time]. You have to figure out what's going on in the case, who's who, where things are located. You have to go through the file a little bit. So for every one of those 11 people that worked on the case, there was a little bit of that that was involved.... And that is duplicative. It's not a very efficient way of doing things.

(*Morris* (supra) at 598.) Judge Halm's comments are apt in this case, where the Plaintiff has used more attorneys and firms than the plaintiff used in the *Morris* case.

## III. LEGAL STANDARD

The Song-Beverly Act allows a consumer to seek repurchase or restitution for the actual price of the vehicle in question if the manufacturer is unable to conform the vehicle to its written warranties. Civ. Code, § 1790 *et seq*. In addition, Civil Code section 1794(d) allows a buyer "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on the actual time expended, determined by the court to have been ***reasonably incurred*** by the buyer in connection with the commencement and prosecution of such action." (Emphasis added.)

## IV. ARGUMENT

### A. Plaintiff's Attorneys' Fees are Unreasonable, Excessive and Must be Reduced

Plaintiff's attorneys' fees are excessive for a case that settled five months before trial with no depositions and only minimal discovery. "[T]he person seeking such an award is not necessarily entitled to compensation for the value of attorney

4 Case No. 3:19-cv-00706-JM-BGS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

DB2/ 38996771.1

services according to [her] own motion or to the full extent claimed by [her]." *Levy v. Toyota Motor Sales, USA*, 4 Cal.App.4th 807, 815 (1992) (citations omitted.). "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Goglin v BMW of North America, LLC*, 4 Cal.App.5th 462, 470 (2016). Moreover, "a prevailing buyer has the burden of 'showing that the fees were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Morris*, at 600.

Here, the Court should significantly reduce the fees that Plaintiff's attorneys request because they are unreasonable. Plaintiff has not put forth any evidence demonstrating the need for three different law firms to represent him in this simple lemon law dispute. Simply, Plaintiff's attorney's were merely incurring unnecessary and unwarranted fees. As one court recently noted of Song-Beverly claims:

> Lemon law cases are commodity cases; rarely are "cutting edge" legal principles involved. Ordinarily, these cases seek to remedy the problems experienced by a single consumer with a single vehicle. Yet because of the current wording of section 1794(d) as interpreted by the Courts of Appeal, the lemon law plaintiff's bar has been emboldened to over-litigate cases the manufacturers regularly seek to settle, with no benefit to the injured consumer. Indeed, the over-litigation for purposes of padding the fee application can actually injure the consumer, by delaying resolution of the case and the buy-back of the vehicle. As this court has previously observed, the fee shifting provisions of the "lemon law" statutes have been twisted from the purpose contemplated by the Legislature into something the well-intentioned drafters of the statutory framework would scarcely recognize. When a statutory scheme becomes a vehicle for lawyers to create unnecessary conflict for no other reason than running up the fees, that statute needs to be re-examined. When lawyers put their own fee-driven interests ahead of the interests of their clients, the integrity of the legal profession is threatened. When court time that could be more beneficially used in other areas is instead used in resolving bloated fee disputes, the courts and the litigants suffer.

Request for Judicial Notice., ¶3, Exh. C (*Allen v. Jaguar Land Rover*, San Diego Superior Court, Hon. Timothy Taylor presiding, Case Number 37-2017-00042273-

5 Case No. 3:19-cv-00706-JM-BGS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

DB2/ 38996771.1

CU-BC-CTL.). In fact, another court recently reduced SLP's request for fees – the exact same firm that seeks fees here – totaling $344,639 to $95,900 at an hourly rate of $350 per hour. *Id.*, ¶4, Exh. D (Court of Appeal affirmed Hon. Randolph Hammock's ruling in *Mikhaeilpoor v. BMW NA*, Superior Court of Los Angeles, Case Number BC611197). Judge Hammock held: "The Court also agrees with Defendant's position set forth in the Opposition that the amounts billed are unreasonable, including dual billing of attorneys when the work of only one (at times) was reasonably required." Judge Hammock further held: "Plaintiff's attorneys should be forewarned: This Court did seriously consider denying the motion for fees in its entirety, since the request of almost $350,000 was quite shocking an 'unreasonably inflated…[¶] A request of almost $350,000 in fees for this particular case – which this Court has essentially handled from beginning to end – is simply unacceptable. Indeed, the request for a multiplier was specious." *Id*. The California Court of Appeal recently affirmed Judge Hammock's decision and held, *inter alia*:

> Additionally, the record demonstrates the highly inefficient manner in which plaintiff litigated her case. Plaintiff's trial counsel claims 'extensive experience with claims brought under the Song-Beverly [Act].' Payam Shahian, the senior attorney among plaintiff's trial counsel, supervises the other attorneys in his firm, but does not 'materially' get involved 'unless they involve complex legal issues, reach significant stages of litigation, or require [his] assistance.' (Italics added by court.) Shahian did not bill time to this case, confirming the case did not involve complex legal issues. Yet, despite counsel's experience litigating 'hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly,' an astonishing array of 10 different attorneys litigated this case, with multiple attorneys staffed at different times. Further, counsel's billing entries demonstrate a lack of efficiency in litigating the case and a lack of clarity in tasks performed. This evidence supports the trial court's finding that plaintiff 's counsel failed to act efficiently."

Request for Judicial Notice., ¶5, Exh. E. Likewise, Mr. Shahian did not bill time to this case confirming the case did not "involve complex legal issues." Declaration of Payam Shahian, ¶¶7, 23.

///

**1. The Attorneys' Hourly Rates Should be Reduced**

Plaintiff's fee motion includes self-serving declarations from each of his attorneys regarding the purported reasonableness of their hourly rates that should be rejected. "[T]here are a number of factors that the trial court may have taken into consideration in determining that reductions in the attorneys' hourly rates were warranted. The court reasonably could have reduced the rates based on its finding that the matter was not complex; that it did not go to trial; that the name partners were doing work that could have been done by lower-billing attorneys; and that all the attorneys were doing work that could have been done by paralegals.". *Morris*, at 598. The trial court in *Morris* fixed the associates rate at $300 per hour and $400-$500 for lead counsel. *Morris*, at 598. Accordingly, Plaintiff's attorneys' hourly rates should be reduced to $300 for each associate and $400 for lead counsel at the very most.

**2. Plaintiff's Counsel Engaged in Improper Block Billing**

A simple review of Plaintiff's counsel's billing statements demonstrates that they are rife with unsupported and improper billing. The Ninth Circuit has disproved of block billing as unreasonable. *Welch v. Metropolitan Life Insurance Company*, 480 F.3d 942, 945 (9th Cir. 2007). Courts have wide discretion to deduct a percentage to the block billed entries or disregard them altogether. *Bell v. Vista Unified School Dist.*, 82 Cal.App.4th 672, 689 (2001). Here, BMW NA objects to the widespread portal to portal block billing that has occurred here. For instance, on May 5, 2020, SLP billed 10.70 hours to "draft fee motion." See Exhibit A Opposition to SLP's Billing Statement. The block billing structure of SLP's time entries makes it impossible to delineate the legitimate entries from the improper ones. The Court should, therefore, disregard plaintiff's block billing entries altogether.

///

7 Case No. 3:19-cv-00706-JM-BGS

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 38996771.1

**3. The Fees for Rosenstein Should be Eliminated**

Plaintiff's fee motion includes a request for $5,390.00[3] of fees attributable to work performed by the Rosenstein. Mr. Rosenstein was purportedly associated in to work as trial counsel and billed at $600 per hour. Mr. Rosenstein also had an associate work on this matter billing at $275.00 per hour. There was no reason, however, to add Mr. Rosenstein as trial counsel or award his fees. Moreover, this case settled five months before trial and the parties did not file any pretrial documents.

Mr. Rosenstein's billing also reflects duplicative work such as drafting summary of the repair presentations and reviewing BMW's discovery requests around December 2019, 17 months after Plaintiff filed the initial Complaint. The court should reject the bill from the Law Offices of Michael Rosenstein entirely. Alternatively, if the Court does not reject Mr. Rosenstein's bills, it should eliminate the duplicative billing below and reduce his rate to a reasonable $400 per hour, with a reduction of 7.7 hours for a total reduction to 2.8 hours – allowing $970.00 of Rosenstein's fees. See Exhibit B Opposition to Rosenstein's Billing Statement.

**4. The Fees for EcoTech Should be Eliminated**

Plaintiff's fee motions also includes a request for $24,797.50 of fees attributable to work performed by EcoTech, a San Francisco, California law firm. There is no reason why Plaintiff needed a third law firm from San Francisco when SLP is based in Los Angeles and the case is venue in San Diego. This Court should reject EcoTech's fees because they was no reason for them to have been added and the claimed fees are entirely unreasonable.

There is no reason why Plaintiff needed a third law firm to litigate this simple lemon law dispute. According to Ecotech's bills, Dara Tabesh ("Mr. Tabesh"), spent 22.6. hours preparing and filing a frivolous Rule 11 Motion for Sanctions that

---

[3] Rosenstein also included "no charge" work in his fee statement. This time is not included in the chart referenced.

8 Case No. 3:19-cv-00706-JM-BGS

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 38996771.1

was subsequently withdrawn because Plaintiff also made representations "that were, at best, incorrect". ECF No. 42, Order Denying Motion to Compel Arbitration. The Court should reject the bill from the Mr. Tabesh entirely. Alternatively, if the Court does not reject Mr. Tabesh's bills, it should eliminate the duplicative billing below and reduce his rate to a reasonable $400 per hour, with a reduction of 23.4 hours for a total reduction to 22.1 hours – allowing $8,840.00 of Ecotech's fees. See Exhibit C Opposition to EcoTech's Billing Statement.

### B. This Court Should Take Into Account The 2018 Real Rate Report To Determine The Reasonable Hourly Rates For Plaintiff's Counsel

In addition to the arguments above, this Court should also considering reducing Plaintiff's counsel's hourly rate to $263 for partners and $200.00 for associates (Median rates based on Real Rate Report). In determining a reasonable hourly rate for plaintiff's counsel in Lemon Law cases, such as this, a number of federal courts *applying California law* have relied on the "Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices", published annually by Wolters Kluwer. "Courts have found that the Real Rate Report is a much better reflection of true market rates than self-reported rates in all practice areas." *Holmes v. Harris* (C.D. Cal. Oct. 4, 2019) No. CV 18-3739, 2019 WL 6354385 (citations omitted). "The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies." *Id.* at *2 (citation omitted).

For example, in *Hernandez v. FCA US LLC*, No. CV 17-5452 (C.D. Cal. Jan. 4, 2019) 2019 WL 2932637 at *3 (citations omitted), a lemon law case involving one of the same firms that represented Plaintiff here,[4] the court noted that it "recently cited with approval the Real Rate Report as a benchmark for reasonable hourly rates."

[4] The plaintiff in *Hernandez* was represented by Law Offices of Michael H. Rosenstein, LC (now California Consumer Attorneys, PC ("CCA"), which represented Plaintiff in this action) and Knight Law Group, LLP.

Additionally, the *Hernandez* court found "the Real Rate Report provides objective empirical data that serves as a better benchmark of reasonableness than scouring a litany of cases from within and outside the judicial district." *Hernandez, supra*, 2019 WL 2932637 at *3.

Using the 2018 Real Rate Report to determine Plaintiff's counsel's reasonable hourly rate, this Court should factor in location, firm size, practice area, and case complexity. Here, Plaintiff's counsel's rates should be based on the 2018 Real Report's rates charged in Los Angeles by firms with less than 50 attorneys because of SLP's firm size. This Court should also focus on the rates for General Liability work because the Real Rate Report includes "Consumer Related Claims" in the "General Liability" category, and lemon law cases are consumer cases. Chan Decl., ¶9, Exh. G, Real Rate Report, p. 169. According to the 2018 Real Rate Report, for Los Angeles General Liability firms with 50 attorneys or less, the median rates were $263.00 for partners and $200.00 for associates. *Id*. p. 116.

**C. <u>No Multiplier is Warranted</u>**

Plaintiff is not entitled to a 1.35x multiplier. A loadstar multiplier may be applied to provide additional compensation where "an exceptional effort produced an exceptional benefit." *Graham v. DaimlerChrysler Corp*., 34 Cal.4th 553, 580, 582, 583 (2004). Factors that the courts have considered in adjusting the lodestar amount include: the novelty and complexity of the issues and the skill displayed in presenting them; the results obtained by the litigation; the contingent nature of the award; and the extent to which the litigation precluded the attorney from other employment. *John Serrano, Jr. v. Ivy Baker Priest*, 20 Ca1.3d 25, 48 (1977). Further, "…the court determines retrospectively whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market value for such services." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).

10 Case No. 3:19-cv-00706-JM-BGS

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

DB2/ 38996771.1

None of these factors are present. This case does not present any novel or complex issues. To the contrary, this is one of at least 24 other cases SLP has filed against BMW NA with similar allegations involving the N63 engine. There is no evidence of an exceptional effort, exceptional skill or an exceptional benefit -- only exceptional hours billed. There was also no "exceptional result." Indeed, on April 20, 2020, nearly five months before trial, Plaintiff accepted BMW NA's Rule 68 Offer of Judgement to settle this action for more than a full repurchase of the Subject Vehicle, plus Plaintiff's attorney's fees by motion. Plaintiff's attorney is not entitled to any fee enhancement whatsoever.

### D. Plaintiff's Request for Costs Should Be Denied

Plaintiff filed his Application for the Bill of Costs on May 7, 2020. ECF No. 53. BMW NA filed an objection on May 19, 2020. ECF No. 57. Plaintiff is seeking double recovery of costs already at issue before this Court. Accordingly, this Court should deny Plaintiff's requests for costs in the instant motion.

## V. CONCLUSION

For the reasons stated above, BMW NA asks this Court to reduce Plaintiff's Motion by an additional 140.1 hours (inclusive of rejecting the 1.35x multiplier) and fees should be awarded in an amount no greater than $49,598.57 or another reasonable amount determined by this Court.

Dated: May 22, 2020

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane
Lisa Weddle
Brian Hom
Garrick Y. Chan

By /s/ Garrick Y. Chan
Garrick Y. Chan
Attorneys for Defendant,
BMW OF NORTH AMERICA, LLC

11 Case No. 3:19-cv-00706-JM-BGS

DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 38996771.1

**PROOF OF SERVICE**

I, Dolores M. Rivera, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126.

On May 22, 2020, I served a copy of the within document(s):

- **DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES**

☒ **BY E-FILE**: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gregory Sogoyan, Esq.
Strategic Legal Practices, APC
1840 Century Park East, Ste 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
E-mail: gsogoyan@slpattorney.com
emailservices@slpattorney.com

Michael H. Rosenstein, Esq.
Law Offices of Michael H. Rosenstein, LLC
10900 Wilshire Blvd., suite 300
Los Angeles, CA 90024
Telephone: 310.286.0275
Email: mrosenstein@rose-lawoffice.com

Dara Tabesh, Esq.
EcoTech Law Group, P.C.
5 Third St. Ste. 700
San Francisco, CA 94103
Telephone: (415) 503-9164
E-mail: dara.tabesh@ecotechlaw.com
*Attorney for Plaintiff,*
*Frederick J. Jurosky*

Executed on May 22, 2020 at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dolores M. Rivera