UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. JUROSKY,<br><br>                            Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                           Defendant. | Case No.: 19cv706 JM (BGS)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES RE: MOTIONS TO RETAX COSTS** |

Plaintiff Frederick Jurosky moves the court, pursuant to the Song-Beverly Consumer Warranty Act ("the Song-Beverly Act"), CAL. CIV. CODE § 1794(d), to award him an additional $5,773 in attorneys' fees. (Doc. No. 71-1.) The court previously awarded Plaintiff $148,414.95 in attorneys' fees, costs, and expenses. (Doc. No. 70.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED.**

### I.   BACKGROUND

On May 7, 2020, Plaintiff filed a bill of costs with the Clerk (Doc. No. 53) as well as Plaintiff's first motion for attorneys' fees, costs, and expenses, (Doc. No. 56). On May 22, 2020, BMW filed its opposition to Plaintiff's first motion for attorneys' fees. (Doc. No. 61.) On May 29, 2020, the Clerk awarded some, but not all, of the costs Plaintiff

1

sought to be taxed. (Doc. No. 62.) On June 1, 2020, Plaintiff replied to BMW's opposition to the motion for attorneys' fees. (Doc. No. 63.) On June 5, 2020, both parties challenged the Clerk's decision on taxing costs by filing motions to retax costs. (Doc. Nos. 65, 66.) On June 22, 2020, Plaintiff filed an opposition to BMW's motion to retax costs. (Doc. No. 67.) BMW did not file an opposition to Plaintiff's motion to retax costs. (Doc. No. 65.) On August 25, 2020, the court issued an order granting in part Plaintiff's May 7, 2020 motion for attorneys' fees and the parties' June 5, 2020 cross motions to retax costs. (Doc. No. 70.) On September 8, 2020, Plaintiff filed the instant motion for additional attorneys' fees generated by litigating the parties' June 5, 2020 cross motions to retax costs. (Doc. No. 71.)

## II.   LEGAL STANDARD

Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover . . . . attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE § 1794(d). The court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The lodestar method is the prevailing method for calculating attorneys' fees. *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818-19 (2006); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). In calculating the lodestar, the court must "'make an initial determination of the actual time expended; and then . . . . ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable.'" *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale*, 31 Cal. App. 4th at 104).

## III.   DISCUSSION

Plaintiff seeks $5,773 in attorneys' fees for two attorneys at Strategic Legal Practices, APC (SLP). (Doc. No. 74). The supporting documentation attached to the motion shows that Plaintiff seeks $4,773.00 for: (1) 6.2 hours of work at $460 per hour for preparing Plaintiff's motion to retax costs; (2) 1.8 hours at $460 per hour for drafting Plaintiff's opposition to BMW's motion to retax costs;[1] and (3) 2.6 hours at $385 per hour for preparing the instant motion.[2] (Doc. No. 71-3 at 2.) Plaintiffs also seek $1,000 for 2.8 hours at $435 per hour for drafting the reply to BMW's opposition to the instant motion, which represents a discount of $218. (Doc. No. 74-1 at 2.) These hours and hourly rates are reasonable and consistent with the court's previous order granting $106,703 in fees to attorneys at SLP.

As BMW observes, in Plaintiff's previous motion for attorneys' fees, Plaintiff sought "an additional $6,000 as reasonably anticipated to review BMW's Opposition, draft the Reply, review BMW's objection to Plaintiff's Application for Costs, draft the Reply, and attend the hearing on [the] Motion." (Doc. No. 56-1 at 8.) Because no hearing on th motion was held, the court reduced the amount by $2,275 for a total of $3,725. (Doc. No. 70 at 10.) This does not, as BMW argues, show that Plaintiff requested, or that the court awarded, Plaintiff's anticipated attorneys' fees related to the parties' subsequently filed cross motions to retax costs. At the time Plaintiff filed his first motion for attorneys' fees, Plaintiff had filed a motion to tax costs, but neither party had challenged the Clerk's decision by filing their motions to retax costs. In other words, Plaintiff did not seek, and the court did not award, attorneys' fees based on the anticipation that the Clerk's

---

[1] BMW's argument that the timing of Plaintiff's opposition to BMW's motion to retax costs should be "scrutinized" is not persuasive because this argument was not previously made and does not necessarily go to whether the fees incurred in opposing BMW's motion were reasonably incurred.

[2] These figures include approximately 0.5 hours communicating with BMW's counsel.

forthcoming decision would be unsatisfactory to both parties. As stated by Plaintiff, "[t]hose tasks were not foreseeable, [as] the clerk had yet to disallow some of Plaintiff's requested expenses based on Local Rule 54." (Doc. No. 74 at 3.) Perhaps Plaintiff could have raised the instant request earlier, or perhaps Plaintiff could have waited to file his initial motion for attorneys' fees until after his request to tax costs was decided by the Clerk. Regardless, filing a second motion for attorneys' fees is not inappropriate under the circumstances. *See Forouzan v. BMW of N. Am., LLC*, Case No. CV 17-3875-DMG (GJSx), 2019 WL 4667998, at *1 (C.D. Cal. Sept. 18, 2019) (awarding the plaintiff, in plaintiff's second motion for attorneys' fees, $22,542.50 in fees incurred in preparing a motion to retax costs and $1,000 for drafting the reply); *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 1002 (2009) ("[T]here is no rule prohibiting a party from bringing a second motion to recover attorney fees incurred since an initial motion was filed.").

## IV.   CONCLUSION

Based on the forgoing, Plaintiff's Motion for Attorney Fees Re: Motions to Retax Costs (Doc. No. 71) is **GRANTED**. The court awards $5,773 in attorneys' fees for work performed by Plaintiff's attorneys at SLP in litigating the parties' cross motions to retax costs. This amount is in addition to the court's previous award of $148,414.95 in attorneys' fees, costs, and expenses, which included $106,703 in attorneys' fees to SLP. (*See* Doc. No. 70.) For the same reasons stated in the court's previous order, BMW's boilerplate objections to the declarations attached to Plaintiff's motion are **OVERRULED**. Finally, Plaintiff states, and BMW does not dispute, that BMW has yet to pay the fees, costs and expenses that were the subject of the court's previous order. (*See* Doc. No. 71 at 2.) Accordingly, BMW shall pay the award in the instant order, as well as the award in the court's previous order (Doc. No. 70), no later than ***December 31, 2020***.

IT IS SO ORDERED.

DATED: November 24, 2020

JEFFREY T. MILLER
United States District Judge